Dear Ms. Hawkins,
This office is in receipt of your opinion request in which you present the following questions for our review:
 1. If appointed to a vacant position such as council member, can the appointed person run for that office when the next election is held for that position?
 2. If an individual is elected to the position of council member, can he or she continue to work as a payroll clerk and/or Town Clerk? If so, how would the salary be determined for both positions?
 3. If an individual is convicted of a felony while holding an elected public office, can he or she be allowed to remain in office? What procedures, if any, exist for the proper treatment of this matter?
In answer to your first question, if the appointed individual to a vacant position chooses to run in the next election for that particular office, nothing in the Election Code or statutes prohibits him or her from pursuing this course of action. However, he or she is not immune from prerequisite procedures and must qualify for that election like all other candidates.
Your second question presents dual office-holding issues. In our telephone conversation, you stated that the person at issue is presently holding the elected position of council member. Prior to being elected as council member, she performed the duties of both payroll clerk and Town Clerk for Cheneyville on a full-time basis. However, she now performs only a portion of these clerical duties on a part-time basis and without pay.
As a Lawrason Act Municipality, the Town of Cheneyville is subject to LSA-R.S. 33:321 et seq. LSA-R.S. 33:381(B) provides the pertinent exception to dual office-holding:
 The mayor and chief of police in all municipalities shall be elected at large. The street commissioner and clerk may be an alderman, and the mayor may be street commissioner, if the board of aldermen so decides. The clerk of chief of police may be a tax collector or assessor, if the boardmen so decides. Municipalities where the chief of police is appointed rather than elected as of August 1, 1970, may continue to operate with an appointive chief. (Emphasis added.)
Therefore, if the Board of Aldermen for the Town of Slaughter choose to allow this arrangement, this individual would not be in violation of the dual office holding laws.
You also state that the Town of Cheneyville would like to compensate this person for these part-time clerical duties in addition to the pay she receives as council member. You ask how the salaries should be determined for both positions.
As there does not appear to be a dual office-holding conflict the salaries of these separate offices may be determined by the appropriate municipal authorities pursuant to any statutory and/or municipal guidelines without the involvement of our office.
Your third question asks whether an individual may remain in an elected public office if that person is convicted of a felony. You mentioned in our phone conversation that this person has only been arrested pursuant to felony charges and has not yet been convicted. You ask what procedures apply for the removal of this person from public office should she be convicted of a felony.
We direct you to LSA-R.S. 42:1411 which provides for the removal of public officers by suit:
 A. A public officer shall be removed from office for conviction, during his term of office, of a felony.
 B. The conviction for a felony of a public officer shall automatically suspend that individual from his public office without compensation. The suspension from public office without compensation shall continue until the conviction is final and all appellate review of the original trial court proceedings is exhausted. During the period of suspension, the public official shall not perform any official act, duty or function nor shall he receive any compensation, pay allowance, emolument, or privilege of his office. If the conviction is reversed on appeal, the public official shall be entitled to and shall receive full back pay with legal interest thereon from the date of suspension, compensation, and all rights, duties, powers, allowances, emoluments, and privileges of office to which he would have been entitled had he not been suspended.
 C. During this period of suspension, another person shall be appointed to perform the official acts, duties, and functions of that office during the period of suspension.
 D. No person appointed under the provisions of this Section shall be eligible in the next election as a candidate for the office to which he is appointed, except as provided in R.S. 18:602(E)(1).
 E. . . . if any public official . . . is suspended under the provisions of this Section, the governor shall appoint another to perform the official acts, duties, and functions of that office during the period of suspension. . . . If the public official is a member of a parish or municipal governing authority, or combination thereof, or a mayor or any other local or municipal office, . . . the governing authority of the local governmental subdivision where the vacancy occurs shall appoint a person to perform the official acts, duties, and functions of the person suspended. . . .
 F. Any person appointed to perform the official acts, duties, and functions of a public official suspended under the provisions of this Section shall have the same qualifications required by law to hold the office as the public official under suspension and he shall post any bond as may be required by law for that office.
 G. For purposes of this Chapter, the term "felony" includes both a felony under the laws of this state and a felony under the laws of the United States. For purposes of this Chapter, the term "public officer" means any person holding a public office, whether state, district, parochial, ward, or municipal, whether the person is elected or appointed . . . .
Therefore, a convicted felon must be removed from public office if the conviction takes place while this individual is in office. However, we must emphasize that a mere arrest does not provide the basis for removal. The individual must be convicted of the crime he or she is charged with in order for LSA-R.S. 42:1411 to apply.
In conclusion, nothing prohibits a person appointed to a vacant position from being a candidate for that office in the next election. Also, a person serving both in the elected position of council member and in the part-time appointive office of payroll/town clerk does not violate the dual office-holding provisions of our law. Finally, if a person is convicted of a felony while holding a public office, that elected official shall be removed from holding that position pursuant to LSA-R.S.42:1411.
I trust this adequately addresses your concerns. Should you require further assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI/CMF:gbe
Date Received:
Date Released:
Carlos M. Finalet, III Assistant Attorney General